SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@sheppardmullin.com
PAUL BERKOWITZ, Cal. Bar No. 251077
pberkowitz@sheppardmullin.com
RAYMOND J. NHAN, Cal. Bar No. 306696
rnhan@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LEVIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.<br><br>　　　　　Defendant. | Case No.<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION AND CLASS ACTION FAIRNESS ACT OF 2005)**<br><br>[Orange County Case No. 30-2022-01274819-CU-OE-CXC]<br><br>Complaint Filed:  August 11, 2022 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Orange, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. Section 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. This Court also has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C §§ 1332(d)(2) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million. Accordingly, removal is proper based on both ground based on the following:

## BACKGROUND

1.      On or about August 11, 2022, Plaintiff Jon Levin ("Plaintiff"), individually and on behalf of all others purportedly similarly situated, filed a Complaint against Wells Fargo in the Superior Court of the State of California, County of Orange, Case No. 30-2022-01274819-CU-OE-CXC (the "Complaint"). The Complaint asserted class claims for relief against Wells Fargo arising out of Plaintiff's employment with Wells Fargo as a Home Mortgage Consultant ("HMC"). Specifically, Plaintiff asserted the following class claims: (1) violation of California Labor Code section 201 (Unpaid Wages); (2) Violation of California Labor Code section 203 (Waiting Time Penalties); (3) Breach of Contract; and (4) Unjust Enrichment. Plaintiff asserted these class claims on behalf of himself and all other HMCs who worked for Wells Fargo in California since August 11, 2018. A true and correct copy of the original Complaint is attached hereto as **Exhibit "A."**

2.      On September 2, 2022, Plaintiff served Wells Fargo. A true and correct copy of the Summons is attached hereto as **Exhibit "B."**

-1-

3.     On September 27, 2019, Wells Fargo answered the Complaint, by filing a general denial in the Orange County Superior Court.  A true and correct copy of the Answer to the Complaint is attached hereto as **Exhibit "C."**  Exhibits "A" through "C" represent all pleadings and process filed in this action through the date of removal.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. SECTION 1332(a)

4.     **Plaintiff's Citizenship:**  Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California.  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff has been a citizen of California at all relevant times.[1]  Specifically, Plaintiff owns a primary residence in California, has a registered motor vehicle with California, is registered to vote in California, and pays taxes in California.  Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

5.     **Wells Fargo's Citizenship:** Wells Fargo is not a citizen of California. Pursuant to 28 U.S.C. section 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where its main office is "located."  As held by the Ninth Circuit, Wells Fargo Bank, N.A., with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota.  *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located").  Accordingly, Wells

---

[1]     Complaint ¶ 1 ("The Plaintiff . . . is a natural person who, at all times relevant to these proceedings, has been residing in Huntington Beach, California and working in Irvine, California.").

SMRH:4878-5099-6533.1

1 Fargo Bank, N.A. is only a citizen of South Dakota and not California for diversity

2 purposes.  Thus, complete diversity exists here..

3 <u>**AMOUNT IN CONTROVERSY EXCEEDS $75,000**</u>

4      6.    This action is a civil action between citizens of different states and the

5 amount in controversy on Plaintiff's individual claims exceeds $75,000, exclusive of

6 interest and costs, and accordingly, this Court has original jurisdiction under 28

7 U.S.C. sections 1332(a).

8      7.    "[A] defendant's notice of removal need include only a plausible

9 allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart*

10 *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Wells

11 Fargo is not obliged to "research, state, and prove the plaintiff's claims for

12 damages."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

13 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198

14 (N.D. Cal. 1998).  Further, a removing defendant need not set forth evidence

15 establishing the amount in its notice of removal.  *See Dart Cherokee*, 135 S.Ct. at

16 554; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) (holding

17 that "a removing defendant's notice of removal 'need not contain evidentiary

18 submissions' but only plausible allegations of the jurisdictional elements"), *citing*

19 *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Wells

20 Fargo can establish the amount in controversy by the allegations in the Complaint,

21 or by pleading facts in its notice of removal that demonstrate that the amount placed

22 in controversy by Plaintiff exceeds the jurisdictional minimum.  *Singer*, 116 F.3d at

23 377; *Conrad Assoc.*, 994 F. Supp. at 1198.

24      8.    The amount in controversy for purposes of diversity jurisdiction is the

25 total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown &*

26 *Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  Moreover, "the amount in controversy is

27 simply an *estimate* of the total amount in dispute, not a prospective assessment of

28 defendant's liability." *Lewis v. Verizon Commc'n, Inc.*, 627 F.3d 395, 400 (9th Cir.

2010) (emphasis added).  "In assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *3 (C.D. Cal. Mar. 3, 2015).

9.    **Alleged Unpaid Wages:**  Plaintiff alleges that Wells Fargo failed to pay him commissions for loans that closed 30 days after his separation of employment for a total of $32,000.[2]  In addition, Plaintiff claims that Wells Fargo failed to pay him a $32,900 Net Loyalty Bonus and a $26,250 annual purchase bonus upon separation.[3]  These figures alone ($91,150 in total) exceed $75,000 and therefore the amount in controversy is easily met here.  *See Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) (finding that the amount in controversy "easily exceeds" $75,000 when the plaintiff's salary was $39,000 per year and she would have continued working if she had not been terminated).

10.    **Waiting Time Penalties**.  The Complaint also alleges that Plaintiff is entitled to waiting time penalties under Labor Code section 203 for Wells Fargo's alleged failure to pay Plaintiff all of his earned wages prior to his termination.[4] Labor Code section 203 provides that if an employer willfully fails to pay wages to a terminated employee, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Labor Code § 203(a).  At the time of his separation, Plaintiff earned $12 per hour (exclusive of non-hourly pay).  Pursuant to Labor Code section 203, Plaintiff seeks to recover 30 days of additional wages or approximately **$2,880** ($12.00 x 8 x 30).

---

[2]    Complaint ¶ 2

[3]    Complaint ¶¶ 24-25.

[4]    Complaint ¶ 42.

-4-

SMRH:4878-5099-6533.1

11.    **Attorney's fees:** In addition, the Complaint alleges that Plaintiff is entitled to recover attorney's fees.[5]  A prevailing party on wage claims may be awarded attorney's fees.  Cal. Labor Code § 218.5.  Requests for attorney's fees should be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorney's fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).  The Ninth Circuit has clarified that this must include all attorney's fees ***likely to be incurred through trial of an action***.  *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorney's fees if he is successful, such future attorney's fees are at stake in the litigation, and must be included in the amount in controversy.  Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorney's fees incurred up to the time of removal and could not include any future fees, was incorrect.").  One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 and a reasonable number of hours would be at least 100 – 300 hours.  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015).  Those assumptions would lead to an attorney's fee award of between $30,000 and $90,000.  *Id.*  If Plaintiff litigated this case through trial and prevailed on his individual claims, it is reasonable to assume that the recovery of fees itself would exceed $75,000.

12.    Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's individual claims and prayer for relief, significantly exceeds $75,000.

---

[5]    *See* Complaint generally and prayer for relief.

-5-

## MINIMUM DIVERSITY EXISTS UNDER CAFA

13.     The Court also has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2).  Specifically, this action is removable, pursuant to the provisions of 28 U.S.C. §1441(a), as the amount in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which at least one class member is a citizen of a state different from that of at least one defendant.

14.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists – i.e., that one putative class member is a citizen of a different state from that of one defendant.  28 U.S.C. § 1332(d)(2*); see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement). Not only does minimal diversity exist, but complete diversity of citizenship exists because Plaintiff is a citizen of California while Defendants are citizens of other states (Georgia and Delaware).

15.     As noted above in Paragraph 4, Plaintiff is, and at all times relevant to this action was, a California citizen.  Accordingly, Plaintiff qualifies under CAFA as a citizen of California.

16.     As noted above in Paragraph 5, Wells Fargo is a citizen of South Dakota.  Accordingly, minimal diversity exists here.

### WELLS FARGO'S REMOVAL IS TIMELY AS IT HAS FILED ITS REMOVAL WITHIN 30 DAYS OF BEING SERVED AND HAS NEVER BEEN PRESENTED WITH A PLEADING OR OTHER PAPER THAT HAS AFFIRMATIVELY REVEALED THAT THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

17.     28 U.S.C. Section 1446(b) provides two separate triggers for CAFA's 30-day deadline for removal.  Section 1446(b)(1) requires the notice of removal to be filed 30 days after the defendant receives the initial pleading, but Section

-6-

SMRH:4878-5099-6533.1

1446(b)(3) provides that "if the case stated by the initial pleading is not removable" the defendant can remove within 30 days after receipt of "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." If a plaintiff's complaint, pleadings, or other papers served on or received by a defendant do not affirmatively reveal on their face that the amount in controversy exceeds $5,000,000, Section 1446(b)'s two separate 30-day removal periods *never* begin to run, and a defendant in a CAFA case may remove the case "at any time." *Kuxhausen v. BMW Fin. Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013); *see also Roth v. CHA Hollywood Med. Ctr., LP*, 720 F.3d 1121, 1125-26 (9th Cir. 2013) ("A CAFA case may be removed *at any time*, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.") (citations omitted) (emphasis added); *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005) (holding that for either 30-day period to be triggered, the ground for removal must be shown in "the four corners of the applicable pleadings" or "from the face of the document").

18.    Further, this "bright-line" requirement makes clear that the defendant has no obligation to investigate or develop additional information as to removability: "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry" by the defendant. *Harris*, 425 F.3d at 694; *see also Kuxhausen*, 707 F.3d at 1141 ("[The defendant] was not obligated to supply information which [the plaintiff] had omitted."); *Roth*, 720 F.3d at 1125 ("even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation"). In other words, only a pleading or other paper served on or received by the defendant may trigger either 30-day period, not the defendant's own knowledge of jurisdictional information. *See Kuxhausen*, 707 F.3d at 1141 n. 3 ("It

-7-

bears repeating that whether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same question."); *see also Vigil v. Waste Connections, Inc.,* 2015 WL 627877, at *2 (E.D. Cal. Feb. 11, 2015) (despite the fact that defendant already knew the jurisdictional fact that the parties were diverse, removal was timely when filed within 30 days of plaintiffs' discovery response stating their citizenship, "[r]egardless of when [defendant] learned the parties were diverse").

19.    Here, as set forth above, Wells Fargo has removed the case within 30 days of service and Plaintiff has not otherwise presented a pleading or other paper affirmatively revealing that the amount in controversy exceeds $5,000,000. Accordingly, Wells Fargo's removal is timely.

## AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

20.    Pursuant to CAFA, the amount in controversy is satisfied when the aggregated claims of the individual members in a class action exceed the sum of $5 million. *See* 28 U.S.C. § 1332(d)(6). Without making any admission of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's claims, the alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000. This conclusion is based on the known information set forth in the paragraphs below. The Ninth Circuit recently reaffirmed that, in considering amount in controversy, the Court may rely upon the defendant's plausible assumptions consistent with the pleading in the operative complaint in calculating the amount in controversy, even where the defendant denies it is liable at all. *See Arias*, 963 F.3d at 927 (reversing remand order and finding that defendant had satisfied amount in controversy requirement through reasonable assumptions: "assumptions made as part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'").

SMRH:4878-5099-6533.1

21.     **The proposed class.**  Plaintiff worked for Wells Fargo as a HMC in Irvine until his separation of employment on December 17, 2019.[6]  Plaintiff's proposed class definition covers all HMCs[7] who did not receive commissions and/or bonus compensations earned prior to their separation of employment from Wells Fargo between August 11, 2018 and the present.  Based on this class definition, the class consists of at least 900 HMCs who worked in California and were separated during the relevant time period.

22.     **Unpaid Wages Arising Out of Failure To Pay Net Loyalty Bonus.**  Plaintiff asserts that Wells Fargo failed to pay him and other HMCs their Net Loyalty Bonus upon their separation of employment pursuant to the terms of the applicable incentive compensation plan.  From Wells Fargo's own investigation of payroll records, it appears that the average Net Loyalty bonus paid to HMCs is approximately $25,000.  If each separated HMC were entitled to the average Net Loyalty Bonus upon his or her separation, that would translate into total unpaid wages of **$22,500,000** (900 X $25,000).

23.     **Waiting Time Penalties**.  Plaintiff asserts that all class members were willfully and systematically underpaid wages as a result of Wells Fargo's failure to pay commissions and/or bonuses upon separation, which would entitle all former employees whose employment terminated on or after August 11, 2019 to 30 days of waiting time penalties measured at 8 hours per day.  *See Mamika v. Barca*, 68 Cal. App. 4th 487 (1998) ("day's pay" under Section 203 takes into account typical hours employee worked in a day multiplied by the hourly rate).  A total of approximately 570 HMCs terminated their employment on or after August 11, 2019.  Assuming 30

---

[6]     Complaint ¶ 1.

[7]     Plaintiff did not specify what types of mortgage consultants were in the class. Wells Fargo employs Private Mortgage Bankers ("PMBs") that are functionally the same as HMCs and are subject to the identical incentive compensation plans.  Thus, the PMBs are included in the class size estimate.

days of 8 hours per day in waiting time penalties for each former HMC at the hourly rate of $12 per hour yields total waiting time penalties of **$1,641,600** ($12 x 8 hours per day x 30 days). This is actually a low estimate since the minimum wage has been above $12 per hour in the most recent years and Wells Fargo has adjusted its hourly rate for HMCs accordingly.

24.    **Attorney's fees**.  Lastly, although potential damages and penalties amount to significantly more than $5 million standing alone on the unpaid wages and waiting time penalties claims, the Complaint also alleges that class members are entitled to recover attorney's fees.  Recent Ninth Circuit authority has clarified that, in evaluating amount in controversy, the calculation must include all attorney's fees likely to be incurred ***through trial of an action*** including in CAFA removals.  *See Arias*, 936 F.3d at 927-28 (noting that it was error for court to refuse to consider likely attorney's fees ***through trial*** in evaluating CAFA amount in controversy).  Attorney's fees are typically set at 25% of the gross recovery in a wage/hour class action, although they can be higher if justified by a lodestar calculation of reasonable hourly rate times the amount of reasonable hours expended.  *Fritsch*, 899 F.3d at 796, n. 6 (noting that 25% value, while not dispositive in every case, is the usual benchmark).  To be conservative, setting fees at 25% of the recovery of the amounts above would yield a total of **$6,035,400** in attorney's fees.

25.    Adding up the above damages, penalties, and attorney's fee figures from above yields a total amount in controversy in excess of **$30 million** using plausible estimates derived from the specific allegations in the Complaint that are properly used to determine amount in controversy for purposes of CAFA.  *See Arias,* 936 F.3d 920; *Ibarra*, 775 F.3d at 1197-99 (amount in controversy is based on reasonable assumptions supported by evidence).  Accordingly, Wells Fargo has easily established the amount in controversy requirement to support federal jurisdiction here.

SMRH:4878-5099-6533.1

26.    Because minimum diversity of citizenship exists and because the amount in controversy exceeds $5 million dollars, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(6).  This action is therefore a proper one for removal to this Court.

## VENUE

27.    Venue lies in the Central District of California pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(c)(2).  This action originally was brought in the Superior Court of the State of California, County of Orange, and Plaintiff worked at a Wells Fargo location in Irvine, California.

## NOTICE OF REMOVAL

28.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Orange.

29.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings from the state court action served on Wells Fargo or filed by Wells Fargo are attached hereto as the following exhibits, including the Complaint (Exhibit A), the Notices of Acknowledgment of Receipt (Exhibit B), and the Answer (Exhibit C).

**WHEREFORE**, Wells Fargo requests that the above action pending before the Superior Court of the State of California for the County of Orange be removed to the United States District Court for the Central District of California.

///
///
///
///
///
///
///

-11-

1   Dated:  September 27, 2022

2                                    SHEPPARD, MULLIN, RICHTER & HAMPTON

3

4                          By _____/s Paul Berkowitz

5                                              PAUL BERKOWITZ
                                          Attorneys for Defendant
6                                         WELLS FARGO BANK, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-